UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DEBBIE REID O'GORMAN,<br><br>Debtor.<br>_____<br><br>GRANT REYNOLDS REVOCABLE LIVING TRUST,<br><br>        Appellant,<br><br>        v.<br><br>TIMOTHY W. HOFFMAN, Chapter 7 Trustee,<br><br>        Appellee. | Case No. 24-cv-00782-JD<br><br>**ORDER RE APPEALS** |
| WILLIAM MCKINNON,<br><br>        Appellant,<br><br>        v.<br><br>TIMOTHY W. HOFFMAN, Chapter 7 Trustee,<br><br>        Appellee. | Case No. 24-cv-03806-JD |

The Court orders as follows in these related bankruptcy appeals.

**I.    CASE NO. 24-782**

For the appeal filed by the Grant Reynolds Revocable Living Trust (Reynolds) in Case No. 24-cv-00782-JD, the motion to dismiss the appeal as moot, Dkt. No. 18, is denied. The motion was filed by appellee Timothy W. Hoffman, who is the Chapter 7 Trustee of the estate of

Debbie Reid O'Gorman. The Trustee's motion did not establish mootness but rather attacked the merits of the appeal filed by Reynolds.

Reynolds' appeal is without merit. Dkt. Nos. 1, 23. The order that Reynolds purports to appeal is the Bankruptcy Court's January 17, 2024 order authorizing the Trustee to "sell the [subject] Property free and clear of" certain liens, "all of which are subject to *bona fide* disputes." Dkt. No. 1 at ECF pp. 10-12. Included on the list was the "[d]eed of trust in favor of Grant Reynolds recorded on June 25, 2010." *Id*. at ECF p. 11. The Bankruptcy Court's determination that Reynolds' deed of trust was subject to a bona fide dispute was part and parcel of the Bankruptcy Court's earlier determination that Reynolds had failed to prove a secured claim in any amount and so his claim was properly disallowed in its entirety. *See* Dkt. No. 18-1, Ex. C at 1-2. Critically, that determination has already been appealed to and affirmed by the Bankruptcy Appellate Panel of the Ninth Circuit. *See id*.

To put a finer point on it, Reynolds states that the only issue he is appealing is whether "the Bankruptcy Court [was] without subject matter jurisdiction on January 17, 2024 and February 9, 2024, when it made orders avoiding the Trust's lien." Dkt. No. 23 at 5. He bases this "jurisdictional" argument on California Civil Code, Section 3439.09(c), which states that, "[n]otwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred." *Id*. at 6; *see* Cal. Civ. Code § 3439.09(c). Reynolds says that, despite "frequently argu[ing] that the statute of repose had run and that the court was without jurisdiction to discharge the lien," the "issue has not been squarely confronted and decided by the courts below," Dkt. No. 38 at 3, and so the Court should now decide the issue in this appeal.

Reynolds grossly misrepresents the record. The Bankruptcy Appellate Panel of the Ninth Circuit expressly stated in a March 6, 2024 memorandum:

> Next, Reynolds argues that the bankruptcy court failed to consider his statute of limitations defense. This is false. Reynolds argued that Trustee could not avoid the 2010 DOT because the seven-year statute of limitations under CAL. CIV. CODE § 3439.09(c) had run. The court considered, but rejected, Reynolds's argument for two

2

> reasons. First, it rejected it for the reason stated in Trustee's reply. Trustee had argued that Reynolds was raising the statute of limitations improperly as a sword and not a shield. We agree. The defense of statute of limitations should be used only as a shield, not a sword. *City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003). "Indeed, courts generally allow defendants to raise defenses that, if raised as claims, would be time-barred." *Id.* (citing *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.")). "Without this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant." *Id.* at 1034 (citing *W. Pac. R.R. Co.*, 352 U.S. at 71).
>
> While Reynolds calls his use of the statute of limitations a "defense," that is not the way he is using it. He, the plaintiff in this context, is attempting to support an affirmative claim for a secured debt and argue that Trustee, the defendant, is barred from questioning what Reynolds was owed because seven years had passed since the 2010 DOT was recorded. *See Brosio v. Deutsche Bank Nat'l Tr. Co. (In re Brosio)*, 505 B.R. 903, 912-13 (9th Cir. BAP 2014) (observing that the filing of a proof of claim is analogous to filing a complaint, and a claim objection by the trustee or debtor-in-possession is analogous to an answer). The second reason the court rejected Reynolds's statute of limitations argument is because it was inapplicable. We agree. Trustee was not attempting to avoid the 2010 DOT as a fraudulent transfer; rather, he was arguing that it had no value.

Dkt. No. 18-1, Ex. C at 16-17.

This is the same substantive argument Reynolds presents in this appeal. That he is now attempting, erroneously, to cast it as a "jurisdictional" matter makes no difference. The Bankruptcy Appellate Panel correctly decided the issue. Reynolds may not challenge that decision in this appeal. *See* 28 U.S.C. § 158 (BAP's decisions are appealed to the courts of appeals). The Bankruptcy Court's January 17, 2024 order authorizing the sale of real property free and clear of liens, claims, and interests under 11 U.S.C. § 363(f)(4), Dkt. No. 1 at ECF pp. 10-11, is **AFFIRMED**.[1]

**II.    CASE NO. 24-3806**

Reynolds' attorney, William McKinnon, filed a related appeal in Case No. 24-cv-03806-

---

[1] Reynolds' motion for reconsideration, Dkt. No. 8, is terminated as moot, as is his request for judicial notice, Dkt. No. 24. His "motion for order for stay of order awarding attorney fees," Dkt. No. 36, appears to have been misfiled in this action and it is terminated as moot in any event in light of the disposition of the fees appeal in this order. *See infra*.

3

United States District Court
Northern District of California

JD.  McKinnon appeals the Bankruptcy Court's June 11, 2024 order awarding attorney fees.  *See* Dkt. No. 1-1 at ECF p. 4.  In the order, the Bankruptcy Court granted the Trustee's motion for an award of attorney fees against attorney McKinnon for $15,360 under Sections 128.5(a) and 405.38 of the California Code of Civil Procedure, as the "Trustee was the prevailing party in his motion for an order expunging the notice of pendency of action recorded by Mr. McKinnon on February 20, 2024."  Dkt. No. 1-2, at ECF pp. 2-3.

For this appeal too, McKinnon's arguments have no merit.  To start, McKinnon's reply brief makes clear that at the heart of this appeal are the same arguments that have already been rejected above.  *See* Dkt. No. 13 at 8 ("Reynolds, and later Appellant on his behalf has one simple argument which has been repeated again, and again.  He asserts that the bankruptcy court lacked jurisdiction to set aside Reynolds' Claim 13" pursuant to "California's statute of repose, Civil Code, section 3439.09, subdivision (c)").

McKinnon's additional arguments also fail.  The fees were properly awarded under CCP Sections 405.38 and 128.5(a).  The 21-day safe harbor provided under CCP Section 128.5(f)(1)(B) was not applicable, as that section provides:  "If the alleged [bad faith] action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, a notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected."

There was no issue with the Bankruptcy Court's jurisdiction to issue the fee order.  And the Bankruptcy Court did not abuse its discretion by ordering attorney McKinnon to pay the fees himself.  Under CCP Section 128.5(a), "[a] trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay."

McKinnon has failed to establish any error by the Bankruptcy Court, and the Bankruptcy Court's June 11, 2024 order awarding attorney fees, Dkt. No. 1-2 at ECF pp. 2-3, is consequently **AFFIRMED**.

Judgment will be entered for the Trustee and these related appeals closed. As a closing observation, both sides in these appeals conducted themselves in a manner substantially below the standards of professionalism and civility required in this District. This failure was particularly true of attorney McKinnon, who engaged in a juvenile and unseemly attack on the Trustee, among other misconduct. *See*, *e.g.*, Dkt. No. 13 at 6 ("Not content with being loud, the Trustee has used the word 'lie' to disagree with an argument that he finds impossible to answer. Much like the use of the word 'Nazi' [to] describe a political opponent, the use of the word 'lie' to disagree with an opposing counsel's opinion in a lawsuit is a clear declaration that law and facts alone are inadequate to prevail. Insults must be flung."). There is no room in our federal courts for behavior like that, especially from those individuals who have the privilege of practicing law. Further conduct along these lines will result in a referral to the Standing Committee on Professional Conduct for consideration of sanctions, up to and including disbarment from practice in this District.

**IT IS SO ORDERED.**

Dated: March 28, 2025

JAMES DONATO
United States District Judge